IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ, | § § § | |
| Plaintiff, | § § | Civil Action No. |
| vs. | § § | EP-22-CV-00254-FM |
| UNITED DEBT SETTLEMENT LLC, a New York Limited Liability Company, | § § § | |
| Defendant. | § § | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, UNITED DEBT SETTLEMENT LLC ("UDS"), by counsel, submits the following Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint").

UDS generally and specifically denies all allegations in the Complaint not specifically admitted in the paragraphs below and all allegations contained in the Complaint's headings and/or unnumbered paragraphs. UDS's investigation of this action is ongoing and, therefore, it reserves its right to amend this Answer. In response to the Complaint's separately numbered paragraphs UDS avers as follows:

## PARTIES

1. UDS admits Plaintiff is a natural person; however, it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

2. UDS admits it is a limited liability company organized under New York law; however, UDS denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. UDS admits Plaintiff's Complaint alleges claims under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, but denies any violation of the TCPA and further denies the Court has subject matter jurisdiction "pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute." UDS further admits Plaintiff's Complaint alleges claims under Texas Business and Commerce Code 302.101, but denies any violation occurred regarding Plaintiff's state law claims. The remaining allegations in Paragraph 3 state conclusions of law to which no response is necessary, but if a response is deemed required, UDS denies those allegations.

4. UDS denies that it placed calls to Plaintiff, that it sells goods to Texas residents, and that it has a registered agent in the State of Texas. The remaining allegations in Paragraph 4 state conclusions of law to which no response is necessary, but if a response is deemed required, UDS denies those allegations.

5. UDS denies sending Plaintiff automated text messages and that it places calls to Texas residents or sells goods in the State of Texas. UDS is without knowledge or information sufficient to form a belief as to whether or when Plaintiff resides in this District and, therefore, denies those allegations. The remaining allegations in Paragraph 5 state conclusions of law to which no response is necessary, but if a response is deemed required, UDS denies those allegations.

6. UDS denies that it, or anyone acting on its behalf, sent Plaintiff any automated text messages. UDS is without knowledge or information sufficient to form a

belief as to whether Plaintiff is a Texas resident and, therefore, denies those allegations. The remaining allegations in Paragraph 6 state conclusions of law to which no response is necessary, but if a response is deemed required, UDS denies those allegations.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. The allegations in Paragraph 7 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

8. The allegations in Paragraph 8 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

9. The allegations in Paragraph 9 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

10. The allegations in Paragraph 7 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

11. The allegations in Paragraph 11 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

12. The allegations in Paragraph 12 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

13. The allegations in Paragraph 13 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

14. The allegations in Paragraph 14 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

15. The allegations in Paragraph 15 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

16. The allegations in Paragraph 16 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

17. The allegations in Paragraph 17 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

18. The allegations in Paragraph 18 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

19. The allegations in Paragraph 19 state conclusions of law to which no response is necessary but, if a response is deemed required, UDS avers that it is without knowledge or information sufficient to form a belief about the allegations and, therefore, denies them.

**OVERVIEW OF THE TEXT MESSAGING MARKETING INDUSTRY**

20. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 20 and, therefore, denies them.

21. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 21 and, therefore, denies them.

22. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 22 and, therefore, denies them.

23. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 23 and, therefore, denies them.

24. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 24 and, therefore, denies them.

25. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 25 and, therefore, denies them.

26. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 26 and, therefore, denies them.

27. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 27 and, therefore, denies them.

## **FACTUAL ALLEGATIONS**

28. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 28 and, therefore, denies them.

29. UDS denies the allegations in Paragraph 29.

30. UDS admits it was wrongfully named as a defendant in the lawsuits Paragraph 30 identifies but denies violating the TCPA or engaging in illegal behavior.

31. UDS admits it is well aware of the requirements of the TCPA and the National Do Not Call registry but denies ignoring those requirements.

32. UDS denies the allegations in Paragraph 32.

33. UDS denies the allegations in Paragraph 33.

34. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 34 and, therefore, denies them.

35. UDS avers that it is without knowledge or information sufficient to form a belief about the allegations in Paragraph 35 and, therefore, denies them.

36. UDS denies that it solicited Plaintiff for debt relief during any communication and further avers that it is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 36 and, thus, denies them.

37. UDS admits the allegations in Paragraph 37.

38. UDS denies the allegations in Paragraph 38.

39. UDS admits the allegations in Paragraph 39.

40. UDS admits the allegations in Paragraph 40 to the extent it displays a table but denies sending Plaintiff any automated text messages. UDS further avers that it is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 40 and, therefore, denies them.

41. UDS denies the allegations in Paragraph 41.

42. UDS denies the allegations in Paragraph 42.

43. UDS admits the allegations in Paragraph 43 that it "is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations" because UDS does not make a telephone solicitations. UDS further avers that it is without knowledge or information sufficient to form a belief about the

remaining allegations in Paragraph 43 and, therefore, denies them.

44. UDS denies the allegations in Paragraph 44.

45. UDS denies sending Plaintiff any automated text messages. UDS is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 44 and, therefore, denies them.

46. UDS denies the allegations in Paragraph 46 including, specifically but not limited to, allegations that UDS engages in telemarketing.

47. UDS denies the allegations in Paragraph 47.

48. UDS is without knowledge or information sufficient to form a belief about the allegations in Paragraph 48 and, therefore, denies them.

49. UDS denies sending Plaintiff any automated text messages. UDS is without knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 49 and, therefore, denies them.

## **INJURY, HARM, AND ACTUAL DAMAGES AS A RESULT OF AUTOMATED TEXT MESSAGES**

50. UDS denies the allegations in Paragraph 50.

51. UDS denies the allegations in Paragraph 51.

52. UDS denies the allegations in Paragraph 52.

53. UDS denies the allegations in Paragraph 53.

### Plaintiff's cell number is a residential number

54. UDS is without knowledge or information sufficient to form a belief about the allegations in Paragraph 54 and, therefore, denies them.

### Violations of the Texas Business and Commerce Code § 305.053

55. UDS denies the allegations in Paragraph 55.

56. UDS denies the allegations in Paragraph 56.

### Violations of the Texas Business and Commerce Code § 302.101

57. UDS denies the allegations in Paragraph 57.

58. The allegations in Paragraph 58 state conclusions of law to which no response is necessary but, if a response is deemed to be required, UDS denies the allegations.

### **FIRST CAUSE OF ACTION**

### Willful and/or Knowing Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act of 1991
### (Against all Defendants)

59. UDS incorporates and re-asserts its responses to Paragraphs 1 through 58 as if fully stated herein.

60. UDS denies the allegations in Paragraph 60.

61. UDS denies the allegations in Paragraph 61.

62. UDS denies the allegations in Paragraph 62.

63. UDS denies the allegations in Paragraph 63.

64. UDS denies the allegations in Paragraph 64.

65. UDS denies the allegations in Paragraph 65.

66. UDS denies the allegations in Paragraph 66.

## SECOND CAUSE OF ACTION

### Violation of the TCPA "Sales Call/DNC" Prohibition, 47 C.F.R. § 64.1200(C))
### (Against All Defendants)

67. UDS incorporates and re-asserts its responses to Paragraphs 1 through 66 as if fully stated herein.

68. The allegations in Paragraph 40 state conclusions of law to which no response is necessary but, if a response is deemed to be required, UDS denies those allegations.

69. UDS denies the allegations in Paragraph 69.

70. UDS denies the allegations in Paragraph 70.

71. UDS denies the allegations in Paragraph 71.

72. UDS denies the allegations in Paragraph 72.

## THIRD CAUSE OF ACTION

### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)

73. UDS incorporates and re-asserts its responses to Paragraphs 1 through 72 as if fully stated herein.

74. UDS denies the allegations in Paragraph 74 including subparagraphs a-c.

75. UDS denies the allegations in Paragraph 75.

76. UDS denies the allegations in Paragraph 76.

## FOURTH CAUSE OF ACTION

### Violations of The Texas Business and Commerce Code 305.053

77. UDS incorporates and re-asserts its responses to Paragraphs 1 through 76 as if fully stated herein.

78. UDS denies the allegations in Paragraph 78.

79. UDS denies the allegations in Paragraph 79.

80. UDS denies the allegations in Paragraph 80.

*   *   *   *

## AFFIRMATIVE AND OTHER DEFENSES

UDS hereby sets forth the following affirmative defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

Plaintiff's claims fail to the extent his Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against UDS and fails to state facts sufficient to entitle Plaintiff to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
### (COMPLIANCE/GOOD FAITH)

Plaintiff's claims fail to the extent that, at all relevant times, UDS acted in good faith and complied fully with the TCPA and Texas Business and Commerce Code.

### THIRD AFFIRMATIVE DEFENSE
### (BONA FIDE ERROR)

Plaintiff's claims fail, in whole or in part, to the extent any violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably

adapted to avoid such error.

## FOURTH AFFIRMATIVE DEFENSE
## (FAIR AND CONSCIONABLE MEANS)

Plaintiff's claims fail to the extent the means employed by UDS to communicate with him were fair and conscionable.

## FIFTH AFFIRMATIVE DEFENSE
## (PROXIMATE CAUSE)

Plaintiff's claims fail to the extent his purported damages, which UDS continues to deny, were the direct and proximate result of the conduct of Plaintiff or others.

## SIXTH AFFIRMATIVE DEFENSE
## (VICARIOUS LIABILITY)

Plaintiff's claims against UDS fail to the extent Plaintiff seeks to hold them liable, vicariously or otherwise, for the acts or omissions of others.

## SEVENTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE
## (STATUTORY DAMAGES)

Plaintiff cannot recover statutory damages from UDS on grounds that any award of such damages would be impermissible under the Due Process Clause of the Fourteenth Amendment and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiff and the gross disparity between the allegations of harm and the size of the

claim. Stating further, any award of statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Plaintiff's Complaint fails to the extent it is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE
## (TELEPHONE SYSTEM IS NOT AN ATDS)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted because the telephone system used to allegedly contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE
## (CONSENT)

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff consented to the alleged communications within the meaning of the TCPA.

## TWELFTH AFFIRMATIVE DEFENSE
## (CONTRACT CLAIMS)

Plaintiff's claims are barred, in whole or in part, to the extent his claims are contractual in nature and not appropriate under the TCPA.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (INJURY-IN-FACT)

Plaintiff cannot recover from UDS under the Complaint because he can neither allege nor maintain an injury-in-fact as this deprives the Court of Article III jurisdiction.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (STANDING)

Plaintiff's claims are barred, in whole or in part, to the extent he lacks standing.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (WAIVER, RELEASE AND/OR ACCORD AND SATISFACTION)

Plaintiff's Complaint is barred, in whole or in part, to the extent he released or otherwise waived his claims.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (RIGHT TO ADDITIONAL DEFENSES)

UDS reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

\* \* \* \*

WHEREFORE, UDS respectfully requests the Court enter judgment in its favor: (1) dismissing the Complaint with prejudice; (2) awarding costs and expenses incurred herein; and (3) awarding such other and further relief the Court deems just and proper.

Dated: August 16, 2022

*s/ Andrew T. Thomasson*
Andrew T. Thomasson (NJ Bar No. 048362011)
Benjamin T. Trotter (TX Bar No. 24082567)
THOMASSON PLLC
16414 San Pedro Avenue, Suite 700
Telephone: (877) 857-5733
Facsimile:  (973) 559-5579
E-Mail: Andrew@Thomassonpllc.com
E-Mail: Ben@Thomassonpllc.com

*Counsel for Defendant, United Debt Settlement LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ,<br><br>          Plaintiff,<br><br>*vs.*<br><br>UNITED DEBT SETTLEMENT LLC, a New York Limited Liability Company,<br><br>          Defendant. | § § § § § § § § § § § | Civil Action No.<br>EP-22-CV-00254-FM |

**CERTIFICATE OF SERVICE**

    I, Andrew T. Thomasson, declare that I served a true and complete copy of the following in accordance with Fed. R. Civ. P. 5(b)(1) by sending them via FedEx, and via email, to the persons identified on the Service List below:

- **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

    *In accordance with 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated: August 16, 2022

                                                 Andrew T. Thomasson

**SERVICE LIST**

Erik Salaiz, *Plaintiff, Pro se*
319 Valley Fair Way
El Paso, Texas 79907
[*via FedEx Tracking No. 777679656937*]
[*via Email to SaIaiz.epgmail.com*]